**C. Reed MEREDITH, Ann Meredith, d/b/a the Meredith Country Store, Plaintiffs,**

v.

**MID–ATLANTIC COCA COLA BOTTLING CO., INC., et al., Defendants.**

**Young Cho BANG, Jeung Sun Bang, Bang's Food Market, Plaintiffs,**

v.

**MID–ATLANTIC COCA–COLA BOTTLING CO., INC., et al., Defendants.**

Civ. A. Nos. 89–00302–R, 89–00525–R.

United States District Court, E.D. Virginia, Richmond Division.

Dec. 29, 1989.

Nunc Pro Tunc Dec. 8, 1989.

Michael J. Miller, Jacobi & Miller, Alexandria, Va., Kieron F. Quinn, Robert B. Kershaw, Thomas J. Minton, J. Stephen Simms, Quinn, Ward & Kershaw, P.A., Baltimore, Md., Arthur M. Kaplan, Allen Black, Richard Feder, Fine, Kaplan & Black, Philadelphia, Pa., for C. Reed Meredith and Ann Meredith.

William M. Webner, Leonard H. Freiman, Baker & Hostetler, Alexandria, Va., Frederick W. Chockley, Gerald A. Connell, Lee H. Simowitz, pro hac vice, Peter B. Kenney, Jr., Joseph Muoio, pro hac vice, & Joaquin M. Sena, Baker & Hostetler, Washington, D.C., for Mid Atlantic Coca–Cola Bottling Co., Inc.

James H. Walsh, McGuire, Woods, Battle & Boothe, Richmond, Va., Raymond W. Bergan, F. Whitten Peters, Cherry Joy Beysselance, Robert J. Shaughnessey, Sarah H. Duggin, Williams & Connolly, Wash-

ington, D.C., for Allegheny Bottling Co., Inc. and Morton M. Lapides.

Gary R. Hershner, Joseph D. Morrissey, Morrissey & Hershner, Richmond, Va., Leonard Egan, William C. Buckhold, Fort & Schlefer, Washington, D.C., for Bang, et al.

Conrad M. Shumadine, Wilcox & Savage, Norfolk, Va., Kenneth E. Newman, Daniel J. Thomasch, Christopher P. Johnson, Donovan, Leisure, Newton, & Irvine, New York City, for James Harford.

### MEMORANDUM

MERHIGE, District Judge.

On December 8, 1989 this matter came before the Court on Plaintiffs' Motions for Class Certification pursuant to Fed.R. Civ.P. 23(b)(3). The matter had been fully briefed and argued and was ripe for disposition. Jurisdiction is based on 15 U.S.C. §§ 15 and 26 and 28 U.S.C. § 1337.

These cases stem from an alleged price-fixing conspiracy between certain Coca–Cola and Pepsi–Cola Bottling Companies that operated from approximately 1982 until 1985. James Harford, President of Mid–Atlantic, was convicted of illegal price-fixing in May 1988. Mid–Atlantic itself pled guilty to price-fixing in October 1987. James Sheridan, President of Allegheny, also pled guilty to price-fixing. Morton Lapides, Allegheny's principal owner and board chairman, Armand Gravely, Allegheny's Richmond Division Manager, and Allegheny itself were tried and convicted of price-fixing. The two instant cases concern the Richmond and Norfolk divisions of the defendant companies. Related class actions in Maryland and Washington, D.C. were settled by Defendants.

*Background*

Plaintiffs are operators of small food markets that purchased colas from the defendants at allegedly inflated prices during the conspiracy. They are seeking to recover the difference between the prices they paid and the market prices that they contend would have existed had it not been for the alleged conspiracy. Each plaintiff seeks class certification under Fed.R.Civ.P.

23(b)(3), albeit of slightly different classes. The class proposed by the Merediths consists of all those who purchased the Defendants' products under letter promotions or at promotional letter prices in Richmond and Norfolk during the period of the conspiracy. The class proposed by the Bangs is larger, consisting of all of the Defendants' soft drink customers in those areas during that time. Thus the Bangs do not limit their proposed class to the promotional price recipients.

Defendants' primary objection to class certification is their contention that Plaintiffs have not met the requirements of Rule 23. Specifically, Defendants maintain that Plaintiffs are not typical of the class, that they will not adequately represent the class, that issues of fact or law common to the class do not predominate, and that class certification is an inferior and unmanageable method of adjudicating the class' claims.

*Discussion*

Class certification under Rule 23 involves a two-step analysis. The action first must meet all four of the requirements set forth in subsection (a) of the Rule. These are that: (1) the class is so numerous that joinder of all members is impractical; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). Once these are met, the action must qualify under one of the three categories of actions set forth in subsection (b) of the Rule. The Plaintiffs seek certification as a Rule 23(b)(3) action. That category requires that the questions of law or fact common to the class predominate over any questions affecting only individual class members, and that a class action be superior to other available methods of adjudication. Fed.R.Civ.P. 23(b)(3).

#### Rule 23(a) Requirements

1. Numerosity

Plaintiffs estimate that there are thousands of class members in the Rich-

mond and Norfolk area who purchased cola products from Defendants. Defendants do not contest this estimate. The numerosity requirement of Rule 23(a) is therefore met by Plaintiffs' actions.

## 2. Commonality

█ Furthermore, each class member must prove the existence of a conspiracy and its effectiveness before proceeding to prove damages. The requirement that there be questions of law or fact common to the class is therefore also met by Plaintiffs' actions.

## 3. Typicality

█ There is some dispute over whether the claims of the Merediths and the Bangs are typical of the classes they seek to represent. Both the Merediths and the Bangs operate small, single location grocery stores that never received promotional letters or volume discounts from Defendants. Defendants claim that the Merediths and the Bangs are therefore not typical of the larger stores that are included in both of the proposed classes. Plaintiffs contend that their size is irrelevant because the promotional letter prices serves as de facto list prices from which the prices paid by all of the Defendants' customers were set.

Courts in other price-fixing actions have held that the claims of named plaintiffs need not be identical to those of the other class members in order to satisfy typicality requirement. Typicality exists so long as the claims are based on the same legal or remedial theory and no conflict of interest exists between the named plaintiff and the class members. *See, e.g., Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 563 (2d Cir. 1968); *Susquehanna Township v. H and M, Inc.,* 98 F.R.D. 658, 665 (D.Pa.1983); *In re South Cent. States Bakery Prods. Antitrust Litigation,* 86 F.R.D. 407 (M.D.La. 1980). Factual variations between claims will not defeat typicality. *South Cent. States Bakery Prods.,* 86 F.R.D. at 415. Plaintiffs and the members of the proposed classes here were all allegedly harmed by the same conduct of Defendants, i.e., by the illegal conspiracy to fix prices. The variance between the size of the class members' operations and the prices they paid therefore does not serve as a bar to class certification.

## 4. Adequacy of Representation

█ The parties also dispute whether the Plaintiffs will adequately protect the interests of the classes they propose. Defendants claim that the Plaintiffs lack sufficient knowledge and understanding of the actions to be adequate representatives of the class. Specifically, Defendants cite the deposition testimony of Mr. Meredith and Mr. Bang, which indicates that those gentlemen do not understand that they are supposedly seeking to represent a class of plaintiffs rather than just themselves, and that they think the actions concern price discrimination against small retailers. Plaintiffs counter with the deposition testimony of Mrs. Meredith, who apparently is well aware that a class action is proposed and has expressed a willingness to bear all necessary costs.

The Supreme Court rejected insufficient knowledge of the named plaintiff as a basis for denying class certification in *Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966). *Surowitz* was a class action derivative suit charging the defendant corporation with fraud. The plaintiff was "uneducated generally and illiterate in economic matters" and "demonstrated in her oral testimony that she knew nothing about the content of the suit." 383 U.S. at 372, 86 S.Ct. at 850. Despite the plaintiff's ignorance, the Supreme Court found no evidence of collusive conduct or trickery and reversed the appellate court's dismissal of the suit.

Under *Surowitz,* Mr. Meredith and Mr. Bang's misunderstanding concerning the nature of their suit is not fatal. Furthermore, Defendants have conceded the ability of Plaintiffs' counsel to litigate a class action. Given that no conflict appears to exist between the Plaintiffs' and the other class members' claims, Plaintiffs are adequate representatives of the class.

Rule 23(b) Requirements

### 1. Predominant Common Questions of Law or Fact

■ Defendants contend that the existence of the conspiracy has already been established by the criminal trials, leaving only damages to be determined in the instant cases. Defendants therefore maintain that there are no common questions of law or fact that predominate in Plaintiffs' actions.

The Court disagrees. First of all, Defendants have not conceded the existence of the conspiracy. Defendants Allegheny and Lapides have contested the collateral estoppel effect of their convictions, and Defendants have also claimed that they are not liable to purchasers of non-cola products or wholesale purchasers. Secondly, Defendants have claimed that the conspiracy was ineffective and intermittent. Thus the effect of the conspiracy must be determined. Thirdly, Plaintiffs contend that the appropriate method to compute damages is to compare the percentage increase in the average price from the pre-conspiracy period to the conspiracy period with appropriate price adjustments. This would constitute a class-wide measure of damages to be established at trial. The only issue left to be determined at an individual level would be the amount of damages due each plaintiff. Even if the Court does not approve the proposed method, however, the common questions of the existence, scope and effect of the conspiracy predominate over individual claims and satisfy the common question requirement of Rule 23(b)(3).

### 2. Superiority of Class Action as Method of Adjudication

■ Defendants also claim that the class action is an inferior and unmanageable method of adjudicating the class members' claims.

There are four primary factors to be considered in determining whether a class action should be certified under Rule 23(b)(3). They are: (A) the class members' interest in individually controlling separate actions; (B) the extent and nature of any related litigation already commenced by class members; (C) the desirability of concentrating the litigation of the claims in the particular forum; and (D) the potential difficulties of managing a class action. Fed. R.Civ.P. 23(b)(3). Because there does not appear to be any conflict of interest between the various class members and because Plaintiffs' counsel has been found adequate to litigate a class action, the Court does not find any interest of individual class members in controlling separate actions that would bar class certification in these cases. The Court is also not aware of any related litigation already commenced by class members. Furthermore, the alleged injuries which are the bases of these suits all occurred within the Eastern District of Virginia so there is no problem with concentrating the claims in this Court. Finally, the Court does not anticipate any difficulties in managing a class action here such as would defeat certification.

Defendants rely heavily upon Judge MacKenzie's denial of class certification in two cases in this district arising out of the same facts as the instant cases. *See Butt v. Allegheny Pepsi–Cola Bottling Co.,* 116 F.R.D. 486 (E.D.Va.1987); *Mom's v. Allegheny Pepsi–Cola Bottling Co.,* No. 87–219–N (E.D.Va.1987). In ruling that a class action would not be superior to other forms of adjudication, Judge MacKenzie noted that a significant number of the members of the proposed class were high volume customers of the defendants who had a sufficient economic interest to bring their own suits. Given that he had found no predominant common issue and questioned the manageability of a class action, Judge MacKenzie held that individual test cases brought by the high volume customers would be superior to adjudication as a class action. *Butt,* 116 F.R.D. at 492–93. He further ruled that the Plaintiffs had failed to make a showing of common evidence or a mathematical formula for computing damages. He therefore felt that the complexity of proving individual injury and damages would make class adjudication unmanageable. 116 F.R.D. 493.

This Court has found common issues that predominate over individual claims in the

instant cases. In addition, Plaintiffs here have suggested a formula for computing damages on a classwide basis. The concerns expressed by Judge MacKenzie are not present in the instant case. For this reason, and for those discussed above, the Court found that a class action is the superior method for adjudicating these cases.

For the reasons discussed above, as the Court stated from the bench, Plaintiffs' motion is granted.[1]

An appropriate Order, nunc pro tunc, will be entered.

---

[1] At the conclusion of argument on the issue of class certification, the Court stated its intention to certify an appropriate class and advised counsel of its intention to file this Memorandum to the end that the parties be benefitted by a complete record. Prior to the filing of this Memorandum, the parties have advised the Court that subsequent to the Court's oral pronouncement that a class would be certified, negotiation ensued and an agreement between them has been reached which, hopefully, will conclude this action. The Court awaits an appropriate suggested description of the class as well as a suggested notice to be sent to each member thereof.