**JEFFREYS, et al., Plaintiffs,**

v.

**COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO, and U.S. Airways, Inc. Defendants.**

No. CIV.A.02–995–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Jan. 3, 2003.

William B. Poff, Woods, Rogers & Hazelgrove PLC, Roanoke, VA, for plaintiffs.

Daniel M. Katz, Katz & Ranzman, Kathleen P. Kelly, O'Melveny & Myers LLP, Washington, DC, William B. Hopkins, Jr., Martin, Hopkins & Lemon PC, Roanoke, VA, for defendants.

### *MEMORANDUM OPINION*

HILTON, Chief Judge.

This matter comes before the Court on Plaintiff's Motion for Class Certification.

After the terrorist attacks in September, 2001, and the following economic difficulties, USAir was forced to implement a workforce reduction and abandoned operations in ten locations. In doing so, USAir invoked Article 12 of the Collective Bargaining Agreement (hereinafter "CBA") and instructed displaced employees to complete a bid package in order to exercise seniority rights.

Under Article 12(C)(2),

displaced full-time employees who have completed their probationary periods will: ... (b) be permitted, if there are insufficient full-time positions within the classification, to displace, in seniority order, the most junior full-time employees in the classification on the system.

USAir applied Article 12 by identifying the number of displaced employees looking for other positions, creating a juniority list that set out a matching number of the most junior positions in the company, and awarding displaced employees the positions they had bid for if the positions were on the juniority list. Under the bid procedure originally implemented by USAir, Plaintiffs received employment in the locations of their choosing based on their seniority, and many of these positions were in Charlotte, N.C.

Based on complaints by the Charlotte employees scheduled to be displaced by senior employees, CWA filed Grievance # 14756 and claimed USAir had improperly construed Article 12. Under CWA's interpretation, the most senior displaced employee could only replace the most junior employee in the entire system. Although USAir disagreed with

this interpretation, it agreed to follow CWA's approach in order to make immediate cost cuts with the caveat that employees could not rebid under the new system. The result of the rebid was that many senior employees who had received desirable positions in Charlotte, N.C., under USAir's method were furloughed and assigned to less favorable positions in different regions throughout the country.

At issue is whether the prospective class satisfies the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a) of the Federal Rules of Civil Procedure, and whether the prospective class qualifies to proceed as a class action for damages under Rule 23(b)(3).

First, the Plaintiff class satisfies the threshold requirements of numerosity, commonality, typicality and adequacy of representation as defined in Rule 23(a). Under Rule 23(a), no class shall be certified unless it:

> (1) is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). These requirements are construed liberally. *In re A.H. Robins Co.,* 880 F.2d 709, 740 (4th Cir.1989), *abrogated on other grounds,* 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). In determining whether class certification is proper, the merits of the case are not considered and the facts in the complaint are taken as true. *United Bhd. of Carpenters and Joiners of Am., Local 899 v. Phoenix Assoc., Inc.,* 152 F.R.D. 518, 521 (S.D.W.Va.1994).

■ As to the issue of numerosity, although there is no precise rule for determining whether a class is large enough such that joinder is impracticable, where the class numbers twenty-five or more, joinder is generally presumed to be impracticable. *See Talbott v. GC Serv. Ltd. P'ship,* 191 F.R.D. 99, 102 (W.D.Va.2000). When considering whether joinder is impractical, factors to consider are "the size of the class, the nature of the action, the location of the class members, the expediency of joinder, and the practicality of multiple lawsuits." *McGlothlin v. Connors,* 142 F.R.D. 626, 632 (W.D.Va.1992). In this matter, Plaintiffs have estimated that the class numbers at least 60 people. Moreover, because the class members have been dispersed over numerous states, and because the class members have the same claims regarding the same operative facts, joinder is impracticable and therefore the class satisfies the numerosity requirement.

■ Under Rule 23(a)(2), the class must also show that there are common questions of law or fact such that common treatment is necessary and beneficial. *See Haywood v. Barnes,* 109 F.R.D. 568, 577 (E.D.N.C.1986). Commonality is satisfied where there is one question of law or fact common to the class, and a class action will not be defeated solely because of some factual variances in individual grievances. *See id.* In this matter, all class members worked as Customer Service Agents or Supervisors for USAir, were displaced as part of the reduction in force, received positions under the initial bid process, and later were furloughed or received different positions after the bids were reprocessed under CWA's interpretation of Article 12. Thus, while there are variances in the extent of injuries and damages to each class member, all claims are otherwise identical and arise from the same isolated set of facts.

■ The typicality requirement mandates that Plaintiffs show (1) that their interests are squarely aligned with the interests of the class members and (2) that their claims arise from the same events and are premised on the same legal theories as the claims of the class members. *See McGlothlin,* 142 F.R.D. at 633. Factual variances in the amount of damages claimed, or differences in the availability of certain defenses against the representative plaintiffs, does not prohibit a finding of typicality as long as the claims are based on the same legal or remedial theory. *See Haywood,* 109 F.R.D. at 578; *Meredith v. Mid–Atlantic Coca Cola Bottling Co.,* 129 F.R.D. 130, 133 (E.D.Va. 1989). Here, each Plaintiff and class member was represented by CWA under the

CBA, and when CWA implemented an alternative interpretation of the bid process, each Plaintiff and class member suffered varying degrees of harm from the same breach. Because both Plaintiffs and the class members sustained identical legal injuries and must prove the same elements to succeed on a fair representation claim, the typicality requirement is satisfied.

■ Finally, under Rule 23(a)(4), the class representatives must adequately represent the interests of the class members, and legal counsel must be competent to litigate for the interests of the class. *See McGlothlin*, 142 F.R.D. at 633; *Brown v. Cameron–Brown Co.*, 92 F.R.D. 32, 40 (E.D.Va.1981). Because litigation by the class representatives will bind the class members, due process mandates "that named plaintiffs will possess undivided loyalties to absent class members." *Broussard v. Meineke Disc. Muffler Shops*, 155 F.3d 331, 338 (4th Cir.1998). Class representatives must also have a general understanding of the facts and claims at issue, as well as illustrate a commitment to the case. *See Brown*, 92 F.R.D. at 41. There are no conflicts between the representatives and class members; each must prove the existence of the breach of their rights under Article 12(C) and if successful, each will be compensated for the damages they sustained as a result of that breach. Moreover, the class Plaintiffs accept and understand their responsibilities as class representatives and have displayed appropriate interest in both the litigation and the outcome. Additionally, the attorneys representing Plaintiffs are competent and capable of litigating this action as they have been involved in numerous class action suits and litigated other complex matters.

■ In addition to satisfying the four threshold requirements for proceeding as a class, Plaintiffs also qualify to proceed for damages as a class under Rule 23(b)(3) because "the questions of law or fact common to members of the class predominate over any questions affecting only individual members, and [ ] a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R.Civ.P. 23(b)(3). The object of the predominance test is to determine whether the class at issue is cohesive enough to warrant adjudication by representation. *See Amchem Prod., Inc., v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Here, common questions of law and fact predominate because all of the legal issues arise from the actions CWA took in response to the bid award process USAir implemented in October 2001. The question in each individual controversy will be whether CWA's actions in changing the bid process and agreeing to go forward without rebids or allowing any grievances by its members breached the duty of fair representation and thereby caused injury. Thus, liability in this case is a common issue and will be determined by examining CWA's conduct, as will injury to each class member. The fact that damages will differ from class member to class member does not defeat the finding of predominance because liability is common to the class. *See Talbott*, 191 F.R.D. at 106.

■ Additionally, resolving these claims through class action is superior to other methods of litigation. In determining whether a class action is the superior method of resolution, the following facts are relevant:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3). Because the facts and issues involved are identical for all class members, class members have little incentive and few resources to pursue litigation on their own, the class members are dispersed over several states, and there are few manageability concerns, the class action is the best method of resolving the matter.

For the reasons stated above, the proposed class satisfies the threshold requirements of

Rule 23(a) and qualifies to proceed as a class under Rule 23(b).

An appropriate order shall issue.